AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

Kavin Stinson
*Defendant*

FILED
DEC 18 2014
CLERK'S OFFICE

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 14-30628

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a [ ] federal offense [ ] state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the [ ] date of conviction [ ] release of the defendant from imprisonment for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - [ ] under 18 U.S.C. § 924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- [ ] (1) There is a serious risk that the defendant will not appear.
- [ ] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by [x] clear and convincing evidence [x] a preponderance of the evidence that

(See attached)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

12-18-14
*Date*

*Signature of Judge*

MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Kavin Stinson Order of Detention

Defendant is charged in a criminal complaint with conspiracy to commit Hobbs Act robbery and using/carrying a firearm during and in relation to a crime of violence (felony robbery). Defendant is facing a mandatory minimum of 10 years incarceration on one charge, and additional time, which would run consecutively, if convicted of the other charge.

Defendant is 19 years old and is single with one child. His girlfriend, Elaina Baker, was the contact who spoke to Pretrial Services and confirmed his information. According to Defendant, for the past two and a half years he has been living on Anglin Street in Detroit with his mother, his mother's boyfriend, and one of his siblings. However his mother obtained a PPO in July 2014 from the Third Circuit Court, Family Division, against Defendant for domestic violence. The PPO expires in July 2015, which PPO both Defendant and his girlfriend failed to mention. Notwithstanding Defendant's representation to Pretrial Services, it defies logic that Defendant has been living in his mother's home since July 2014.

For the past 2 and ½ weeks Defendant has been employed at Edwin's car wash. His previous employment had been as a laborer at Main Drain Cleaning for one year, and prior to that he was employed at another car wash in Detroit for seven months.

Defendant admits to regular weekly marijuana use, which habit he began at the age of 15.

The facts proffered by the government are that on or about 8/22/14 at 3:30 pm Defendant and two other individuals all entered a Rite Aid Pharmacy on 8 Mile Road in Detroit wearing hoodies with their faces concealed with masks, wearing gloves, carrying backpacks, and brandishing firearms. One subject, believed to be the Defendant, was observed on surveillance video to be wearing a sweatshirt hoodie bearing the phrase "Swag Don't Come Cheap" printed on the chest. One man proceeded to the liquor aisle and stole several bottles of liquor. Defendant and another man targeted the employees and forced them at gunpoint to open the safe and cash registers, with guns held to the victim's heads and temples. The employees were then ordered to a common area in the front of the store and were pistol whipped by Defendant and another suspect about their heads with the weapons. The three men fled after taking the liquor and $3000 cash from the business. The employees then called the police.

As they ran away, one suspect fired a weapon and then two of the suspects dropped the backpacks they were carrying. They ran down alleys and hid and ultimately returned to the home on Shields where they had gathered the day before to plan the robbery. One of the backpacks

contained identifying information for Johnny Johnson, whose home address was the Shields address. Johnny Johnson was apprehended there and was interviewed. Johnny Johnson identified Kavin Stinson as one of the two associates who planned and then executed the robbery at the Rite Aid store on 8 Mile Road.

A review of a publicly accessible profile on Facebook shows Kavin Stinson wearing a grey, hooded sweatshirt with the words "Swag Don't Come Cheap" written on the chest of the sweatshirt. It is the same distinctive hoodie sweatshirt allegedly worn by this Defendant during the commission of the armed robbery. Subsequently one of the backpacks recovered along the escape route from the robbery scene was positively matched to the DNA buccal swab samples taken from Defendant.

Defendant Kavin Stinson is alleged to have pistol whipped the female pharmacist whom he walked through the store with a gun pressed to her head, and then took her down to the floor, and further terrorized her and the other employees with his weapon and his verbal threats.

Pretrial Services has interviewed the Defendant and concludes that he poses a danger to the community and recommends detention.

This Court finds that a preponderance of the evidence establishes Defendant as a risk of flight, and that there is disturbingly clear and convincing evidence that Defendant poses an extreme danger to the community. There is no condition or combination of conditions that would assure the safety of the community or Defendant's appearance in court.

Therefore Detention is Ordered.